UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTEFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to selected dockets | Master Docket 18-md-02865 (LAK)<br>ECF Case |

**DECLARATION OF FOREIGN LAW OF KASPER BECH PILGAARD**

## BACKGROUND

I, the undersigned Kasper Bech Pilgaard, state the following:

1. I have written this legal opinion at the request of certain Defendants in the above-captioned litigation, to be submitted to the United States District Court for the Southern District of New York, in the United States of America, as evidence of Danish law.

2. The opinion rendered herein is a legal opinion on legal matters, which I am entitled to give on the basis of my knowledge of Danish law.

3. My compensation for rendering this opinion has been agreed on a per-hour fee basis. My compensation does not depend in any way on the opinions I have rendered.

4. I have based my legal opinion exclusively on official rules and documents, without regard to any other fact of which I may have been informed by Defendants or any other person.

5. I have previously submitted declarations in this case, and incorporate by reference here the portions of my previous declarations setting forth my Expertise.

## LEGAL OPINIONS

### A.    The Standard of Proof Under Danish Law

6. I understand that SKAT's expert Professor Mads Bryde Andersen has submitted a declaration which states that, under Danish law, "[t]he standard of proof is the greater weight of the evidence or the preponderance of the evidence." Decl. of Mads Bryde Andersen dated June 24, 2024, ¶ 24.

7. In my view, Professor Andersen's statement does not capture the nuances that exist in Danish law regarding the standard of proof.

8. In this context, it should be noted that there are no specific statutory provisions in Danish law that regulate the requirements for the standard of proof.

1

9. The reason for this is found in section 344 of the Danish Administration of Justice Act ("Retsplejeloven") which states that: "On the basis of what has passed during the negotiations and the presentation of evidence, the court shall decide which facts shall form the basis for the adjudication of the case."

10. That provision establishes the principle of the free assessment of evidence in Danish civil proceedings.

11. Thus, it is up to the parties to the case to present evidence to support their claims, whereas it is up to the court to make an assessment of the probability of the correctness of one or the other party's opinion after the presentation of evidence.

12. In other words, the assessment of evidence is not bound by legal rules, as it is up to the court itself to assess the credibility of parties and witnesses and the weight of the evidence presented by the parties in the case.

13. Therefore, it is not possible to establish general rules for the assessment of the standard of proof, as ultimately, the decisive factor is whether the evidence is of such strength that it is sufficient to convince the court, which depends on the specific case.

14. The court's assessment of evidence is described in more detail in Professor Bernhard Gomard and District Judge Michael Kistrup's law treatise "Civilprocessen" ("Civil Procedure"), 8th edition, 2021, which states on page 560: "A general statement of the degree of proof which is sufficient in civil cases to establish the existence of a legal fact is not possible, because the standard of proof may be different for different legal facts and in different contexts. A mere preponderance of probability, i.e. that the disputed point seems more likely than the opposite, is sufficient in some situations, while in other – and probably in most – situations a fairly high degree of probability is required for the circumstances that must justify the procedural

requirement to be present. No one or a few general rules can be laid down in this regard. The requirements for proof (the distribution and weight of the burden of proof) are of significant importance for the functioning of the substantive rules, and the requirements for proof must, among other things, be determined in order to promote the purpose of the rule in question. The requirement for proof is in the nature of a higher or lower degree of probability. For example, to impose liability under the fault rule outside contractual relationships, a fairly high degree of probability that the tortfeasor has acted culpably is generally required."

15. On page 564, the injured party's burden of proof in compensation cases is further described: "The burden of proof or the risk of doubt rests with the injured party, cf. e.g. UfR 2002.2562 Ø, UfR 2009.239 Ø and UfR 2012.1653 H. In all cases where full proof has not been provided as to whether or not an alleged but disputed factual circumstance has existed, the court must decide whether the requirements for proof have been met or which of the parties bears the burden of proof. The party who is prejudiced by the lack of evidence bears the burden of proof, and the court shall rely on the other party's information with regard to the uncertain point in the statement of facts."

16. Professors Bo Von Eyben and Helle Isager have written: "One could then imagine that the standard of proof would be a requirement of overwhelming probability, i.e. a degree of probability of at least 51% (based on the 'mathematical' consideration that this will on average lead to more right than wrong decisions). This is also how the standard of proof is formulated in a number of countries (including Norway, cf. Lødrup p. 275 and Nygaard p. 340 f), but not in Denmark, where the standard of proof is higher than this. . . . Apart from the fact that it can thus be inferred that more than 'preponderance of probability' is required, the courts have never specified how much more is required – cf. Swedish law, Hellner and Radetzki p. 200 ff, where

3

case law has formulated a requirement of 'clear preponderance of probability.'" Von Eyben and Isager, Lærebog i erstatningsret, 6th edition, p. 257f.

17. Another Danish commentator has observed that Professors Von Eyben and Isager "deduce with convincing logic that when a preponderance of probability corresponds to more than 50% probability and is tantamount to a relaxed requirement, the general standard of proof must be stricter." Hørlyyck, Bevisbyrden i civile sager, 2020, p. 51.

18. In U.2005.2151H, the Western High Court interpreted the term "reasonable probability," as found in section one of the Compensation for Vaccination Injuries Act, to mean more than 50% probability.

19. Importantly, the Western High Court viewed this "reasonable probability" standard as a <u>relaxation</u> of the usual standard of proof in compensation cases, which are not specifically regulated by statutory law.

20. In other words, the Western High Court's reasoning can be taken to imply that the standard of proof in ordinary compensation cases requires more than just the greater weight of the evidence or a preponderance of the evidence.

21. Other Danish cases show the courts applying stricter standards of proof.

22. In U 1997.949 VLD, an insurance company that had paid a claim alleged that the policyholder had never paid the deductible, and demanded payment from the policyholder.

23. The insurance company was unable to produce a copy of the insurance agreement, and the Western High Court therefore stipulated that the insurance company bore an "extra heavy" (in Danish: "ekstra tung") burden of proof.

4

24.     U 2000.298 HD concerned an employment dispute; an employee sued their former employer for unjustified dismissal after being dismissed with allegations of embezzlement.

25.     Based on all the circumstances of the case, the Western High Court determined that the employer bore a "very heavy" (in Danish: "særdeles tung") burden of proof, and as it was not sufficiently proven that the employee had appropriated payments to the employer, the dismissal was deemed unjustified.

26.     In certain cases involving the Danish state or political subdivisions, the courts have applied a strict standard of proof.

27.     U.2003.2425V, for example, concerned a valuable painting that was in the possession of an estate which, in 1946, was confiscated by the State under the Confiscation of German and Japanese Property Act.

28.     In 2002, the State intervened in an ownership dispute over the painting, claiming that the State owned the painting as the painting had been part of the confiscated estate.

29.     The High Court placed the burden of proof of ownership on the State and found that the State had not proved that the painting had been subject to confiscation in 1946.

30.     The High Court found that it should be possible to establish with certainty what had been included in the confiscation in 1946 if the State's claim was to be upheld. As the inventory lists prepared at the time were not presented, this strict requirement for proof had not been met.

31.     Danish cases concerning whether deaths were covered by accident insurance demonstrate the courts applying a particularly strict standard of proof.

32. In U.1999.1706H, the High Court found that the decedent's accidental death was caused by their own gross negligence, and therefore acquitted the insurance company of a claim from the decedent's widow for payment of the insurance sum.

33. The Supreme Court stated the following in its reasoning: "Regardless of whether it may be assumed that the decedent died as a result of an accident, as this term is defined in section 1.2 of the common conditions, we find that the insurance company is not obliged to pay the sum insured to [the decedent's widow], as we find it <u>proven beyond reasonable doubt</u> that his death was caused by him 'by intent or gross negligence.'" (emphasis added)

34. In U.2000.197H, the insurance company refused to pay the insurance sum to the decedent's widow because the insurance company alleged that the decedent had committed suicide.

35. In finding the insurance company was not liable to pay the insurance claim, the Supreme Court stated: "For the reasons stated by the High Court, which are supported by the explanations given to the Supreme Court, we accept that it has been <u>established beyond reasonable doubt</u> that [the decedent] intended to hit the oncoming truck." (emphasis added)

36. I have not found Danish decisions directly relevant to this litigation because most fraud cases in Denmark are either criminal cases or cases involving parties to a contract, the latter of which are governed by Section 30 of the Danish Contracts Act.

37. Judgments pursuant to Section 30 of the Danish Contracts Act generally demonstrate a requirement that the party claiming fraud prove that they have been subject to fraud.

\* \* \*

Pursuant to 28 U.S.C. § 1746(1), the undersigned Kasper Bech Pilgaard states under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 24, 2024

*Kasper Pilgaard*

Kasper Bech Pilgaard
Copenhagen, Denmark

7